UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAT CONNELL                                                  CIVIL ACTION

VERSUS                                                       NO: 06-4820

ALLSTATE INSURANCE COMPANY, ET AL.                           SECTION: "K"(1)


<u>ORDER AND REASONS</u>


Before the Court is the Motion for Summary Judgment (Rec.Doc.No. 13) of Defendant Roger Farris Insurance, L.L.C. ("Farris"), wherein it seeks dismissal of Plaintiffs' action against it contending that the claims are perempted under Louisiana law. After reviewing the pleadings, memoranda, and relevant law, the Court hereby grants Defendant's motion for the reasons assigned herein.


<u>I. BACKGROUND</u>

1

This litigation concerns a dispute over the scope and extent of the coverage of a Standard Flood Insurance Policy ("SFIP") issued by Defendant Allstate Insurance Company ("Allstate"). The policy was issued pursuant to the National Flood Insurance Program's Write Your Own Program ("WYO"), and covered Plaintiffs' property located 18045 Monga Drive, Covington, Louisiana. The policy covered the house for damages resulting from flood from September 12, 2004, to September 12, 2005.

The instant motion concerns the claims against the procuring agent Defendant Farris. Specifically, Plaintiffs allege the following claims against Defendant Farris:

> Roger Farris provided the Connells with a quote of $413 for flood insurance coverage with limits of $100,000 on the structure located at 18045 Monga Drive, Covington, Louisiana, 70433.
>
> Subsequently, the declarations were issued to the Connells confirming the premium, the fact that the premium had been paid, the fact that coverage had been issued in the amount of $100,000 and that the effective dates were September 12, 2004 to September 12, 2005.
>
> Roger Farris never conveyed to the Connells that the rating information utilized to arrive at the $413 premium for the policy was being reviewed.
>
> Roger Farris never advised the Connells that the review of the rating information had caused Allstate to determine that the $413 premium was insufficient to purchase the $100,000 coverage which the Connells desired and which was reflected in the declarations.
>
> Roger Farris never advised the Connells that the policy limits of $100,000 had been reduced to $9,500 and that if the Connells desired to increase the limits back to 100,000 they would have to pay a premium of over four times the quoted premium of $413.
>
> Moreover, the Connells contacted Roger Farrs' office after receiving what appeared to be a bill. The Connells were led to believe that the bill had been sent in error. Roger Farris never told the Connells that if the bill was not paid, the limits on the SFIP would be reduced from $100,000 to $9,500.

2

*See* Compl., at ¶¶ 38 - 43 (Rec.Doc.No. 1).

Defendant Farris concedes that the a premium of $413.00 was quoted by Allstate covering the Connells' home for $100,000. *See* Mot. Summ. J., "Statement of Undisputed Facts" (Rec.Doc.No. 13).[1] However, Defendant submits that on January 4, 2005, Plaintiffs were sent a notice from Allstate indicating that "an additional premium of $1,664.00 was owed to keep [Plaintiffs'] $100,000 coverage. *Id.* Furthermore, Defendant alleges that an explanation of the premium increase was forwarded to Plaintiffs on January 14, 2005.

Additionally, Defendant contends that Mr. Connell contacted Defendant on August 8, 2005, requesting a quote for an increase in dwelling coverage to $30,000, and a quote to increase his coverage to $50,000. Defendant argues that these requests imply that Plaintiffs knew that their coverage under the Allstate flood policy had been reduced from $100,000.

## II. LEGAL STANDARD

---

[1] In its Statement of Undisputed Facts, Defendant submits that "called Mr. Egan informing him that there was an error regarding the rating and an additional premium was due if plaintiffs wanted to keep $100,000.00 in dwelling coverage." *See* Statement of Undisputed Facts, at p. 2. Moreover, Defendant contends that it gave Mr. Egan a copy of Allstate's email explaining why Plaintiffs' premium was increased. *Id.* The Court is not aware of what Mr. Egan's relation is to this lawsuit, and assumes, for the purposes of this motion that this person's name was erroneously included in the pleadings.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.   "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment.  Fed. R. Civ. P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id*.

When deciding a motion for summary judgment, the Court must avoid a "trial on the affidavits." *Anderson*, 477 U.S. at 255. "Credibility determinations, the weighing of the

evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact. *Id.* To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

### III. ANALYSIS

The question before the Court is whether Plaintiffs can bring an action against their insurance agent for his alleged negligence in connection with Allstate's lowering of Plaintiffs' policy limits in January 2005. The alleged negligence of Defendant is involves a failure to procure Plaintiffs' desired coverage as it concerns misrepresentations about the policy limits of the Allstate policy.

**B.      Negligent Procurement of SFIP**

In the context of an SFIP, the courts of this district  have consistently held that the claims that do not give rise to federal question jurisdiction are those relating to the procurement of the flood insurance policy, as opposed to claims handling or administration of the policy, because procurement claims do not involve the public fisc. *See Cosse v. B.G. Mate*, 2006 WL 1968868 at *2 (E.D.La.2006); *Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 534-36

(E.D.La.2006); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497 at *3 (E.D.La.2004); *Elizabeth v. USAA Gen. Indem. Co.*, 2002 WL 31886719 at *3 (E.D.La.2002) *see also Waltrip v. Brooks Agency, Inc.,* 417 F.Supp.2d 768, 770 (E.D.Va.2006); *Roybal v. Los Alamos National Bank,* 375 F.Supp.2d 1324, 1332-33 (D.N.M.2005). These courts reasoned that the need for uniformity, and consequent federal preemption, does not exist when federal funds are not involved.

Courts have consistently held that claims on SFIPs issued by WYOs are actions for federal funds. *Gibson v. Am. Bankers,* 289 F.3d 943, 946 (6th Cir.2002); *Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161, 166 (3d Cir.1998); *Gowland,* 143 F.3d at 955. However, 42 U.S.C. § 4081(c) provides that FEMA may not hold harmless or indemnify an agent or broker for his or her errors or omissions. To this end, FEMA promulgated regulations permitting FEMA to decline to recognize as a reimbursable loss cost claims grounded in actions by the WYO, which FEMA determines are "significantly outside the scope of this Agreement." 44 C.F.R. Pt. 62, App. A. Art. III(D)(4).

The Arrangement between a WYO and FEMA provides:

> If the FEMA OGC finds that the litigation is grounded in actions by the Company that are significantly outside the scope of this Arrangement, ***and/or involves issues of agent negligence***, then the FEMA OGC shall make a recommendation to the Administrator regarding whether all or part of the litigation is significantly outside the scope of the Arrangement(emphasis added).

44 C.F.R. Pt. 62, App. A(III)(D)(3). This language supports the conclusion that for those actions that are significantly outside the scope of the Arrangement, FEMA will not reimburse a defendant. Specifically, it is clear from a literal reading of the Arrangement that negligence of the procuring agent could fall significantly outside the scope of the authority granted by FEMA

to Allstate, and therefore, does not involve the public fisc.

The Court finds that there is no reason to depart from the jurisprudence of this district regarding the state law nature of a procurement claim given that public funds are not involved.

**C.     State Law Peremption**

Louisiana Revised Statutes, Title 9, Section 5606 limits tort and breach of contract claims against insurance agents. The statute reads as follows:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such action shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

LA. REV. STAT. ANN § 9:5606(A) (2006). The statute also provides that this period is

peremptive,[2] but makes an exception where there are allegations of fraud.[3] LA. REV. STAT. ANN § 9:5606(C) & (D) (2006).

Plaintiffs claims assert negligence on the part of Defendant Farris for failures related to the procurement of adequate flood coverage for their property. *See* Compl., at ¶¶ 38 - 43. Because the policy limits were changed after the initial issuance of the policy and the claims against Defendant Farris are related to this alteration, the commencement of the peremption period begins either at the time coverage was modified or at the time of discovery of the negligence.

Defendant contends that commencement period began on January 14, 2005, when Plaintiffs received notification of the policy modification or, at the latest, on August 8, 2005, when Plaintiffs acknowledged the new policy limits by requesting an increase in coverage to $30,000 and a quote for coverage of $50,000. *Id.* at Exhibit E. Defendant offers that Plaintiffs were sent an email from Allstate on January 14, 2005,  "indicating that there was an error regarding the rating and that an additional premium was due if plaintiffs wanted to keep their

---

[2] Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. LA. CIV. CODE. ANN. art. 3458 (2006). The equitable doctrine of *contra non valentem*, which suspends the running of the limitations period in certain circumstances does not apply to peremptive periods. *Travelers Cas. & Sur. Co. of America v. Wright Ins. Agency Inc.*, 404 F.3d 927, 929 (5th Cir. 2005) (*citing Reeder v. North*, 701 So.2d 1291, 1298 (La. 1997) ("[N]othing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as *contra non valentem* are not applicable.") (*quoting Hebert v. Doctors Memorial Hosp.*, 486 So.2d 717, 723 (La. 1986)).

[3] Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction. LA. CIV. CODE. ANN. art. 1953 (2006)

$100,000 coverage." *See* Mot. Summ. J., at p. 5 (Rec.Doc.No. 13). Defendant also maintains that Plaintiffs acknowledged receipt of this notification on January 4, 2005. *Id.* at Exhibit E.

Plaintiffs contest these allegations denying that they received an email from Allstate. However, Plaintiffs do not dispute the fact that they requested increased coverage of $30,000 and a quote for policy limits of $50,000. Notwithstanding their tenuous challenge that they did not receive notification of the coverage changes, Plaintiffs offer no affidavit or other competent evidence that this request was not made. Thus, the Court finds that the peremption period began at the latest on August 8, 2005, making the filing of their suit on August 25, 2006, more than one year after they should have known of any negligence on the part of Defendant Farris relating to the coverage modifications. *See generally, Bordelon v. Independent Order of* Foresters, 2005 WL 3543815, at * 3 (E.D. La. Oct. 4, 2005) (Duval, J.) (Plaintiffs should have discovered any deficiencies when she was given the opportunity to review the application thereafter) ; *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at *10 (E.D. La. July 21, 2006) (Vance, J.) (clear flood exclusion in policy began peremptive period despite misrepresentation of insurance agent). Thus, the Court finds Plaintiffs' claims against Defendant Farris are perempted. Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Rec.Doc.No. 13) of Defendant Farris is hereby **GRANTED** and Plaintiffs' action against it are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, on this _26th_ day of June, 2007.

_____

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**